CARROLL v. SOUTHERN EXPRESS COMPANY.

1. EVIDENCE—RELEVANCY.—On the issue of whether the consignee received a package of money, which the agent of the carrier threw to the consignee as he stood on the platform of a departing railroad coach, testimony was admissible to show the position of the consignee on the platform, and who else was there, and the order of time in which these several persons went into the coach.

2. REQUESTS TO CHARGE.—It is not improper to frame a request to charge, based upon hypothetical findings of fact by the jury.

3. AGENCY—RULES OF PRINCIPAL—ESTOPPEL.—H. told C., the agent of an express company at a way station, that he was looking for a package of money by the next train, and wanted to board the same train and carry the money with him. The agent said his company's rules forbid him to deliver except on receipt signed in the company's books, and that the train

would not stop long enough to permit that. H. replied that he would sign the receipt in advance, and that would relieve the agent; and this was done. On the arrival of the train, H. got on the platform of the coach, and as the train moved off, C. called to H., and threw the package of money to him, but H. did not receive it, and it was lost. *Held*, that the express company was released by the act of H., the consignee, from its liability to the consignor for the safe delivery of this money, as C. became the agent of H. so soon as the money was received by C.

Before NORTON, J., Anderson, December, 1890.

This was an action by Carroll & Stacy against the Southern Express Company, to recover one thousand dollars received by defendant from plaintiffs at Greenville, S. C., to be delivered to E. R. Horton at Lowndesville, S. C. The money reached Lowndesville, and was thrown by Colyer, defendant's agent at that point, to said Horton as he stood upon the platform of a departing railroad coach. J. W. Ferguson and J. W. Craft, witnesses for plaintiff in reply, were permitted to testify that Horton came into the coach first as the train moved off, and one Dennis, a negro brakeman, behind him. Defendant's objection to this testimony was overruled.

The judge refused to charge the following request, submitted by defendant: "If the jury are satisfied from the evidence adduced, that the plaintiffs, by their agent Horton, induced the defendant's agent Colyer to deviate from the usual course of business as to the delivery of the money package, at Horton's request and for his accommodation; and that thus he prevailed on him, Colyer, to agree to take Horton's receipt on the express book before the arrival of the train by which the money package was being conveyed; and that when Colyer objected to do so, Horton said it would be all right; and that Horton did give his receipt on the express book as for $1,000 delivered; then Horton must be held to have assumed all risk after the giving of his receipt; and to have absolved the express company, defendant, of all responsibility as to the money package after giving his said receipt; and to have constituted Colyer (the defendant's agent) his (Horton's) agent under a new contract or agreement; and to have bound his principal, the plain-

tiffs herein, by his act; and the defendant is not to be held liable for the money package.''

Verdict was for plaintiffs, and defendant appealed, alleging error in the admission of the testimony of Ferguson and Craft, and in the refusal to charge as requested.

*Messrs. Benet & Cason*, for appellant, on their first ground of appeal, *cited* 1 Greenl. Evid., §§ 51, 52; 18 S. C., 606; 24 *Id.*, 141, 157; 1 Whart. Evid., § 20; Steph. Dig. Evid., 4. On their second ground, they *cited* 14 S. C., 451; 3 Strob., 229; Ewell Evans Agency, 591, 601; Wood M. & S., 538, 548; 6 N. Y., 435.

*Messrs. Murray & Murray*, contra, *cited* 7 Am. & Eng. Enc. L., 544, 545, 548, 558, 561, 567; 4 Laws. R. & R., § 1829.

November 7, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This action came on to be heard before his honor, Judge Norton, and a jury at a term of the Court of Common Pleas for Anderson County. Verdict being in favor of plaintiffs, judgment thereon was duly entered, and the defendant now appeals to this court.

The first question relates to the competency of certain testimony to which exception was taken at the hearing, and may be thus stated. Is it competent in the trial of well defined issues raised by the pleadings to admit the testimony of witnesses that relate to issues other than those raised by the pleadings? The practical result reached in the case at bar in the court below was that two witnesses, Craft and Ferguson, testified as to the presence of one Dennis, a brakeman on a train, with other parties, on the Savannah Valley Railroad, on the morning of the day on which a certain package of money, conveyed by the defendant for one E. R. Horton, at Lowndesville, a station on the Savannah Valley Railroad, was delivered or attempted to be delivered to said Horton on the train of said railroad by one R. W. Colyer, who was the agent at Lowndesville for the Southern Express Company. Our answer to the

question would be that such testimony would be incompetent, if introduced for such purpose.    The difficulty in such cases is that frequently the design to defeat the operation of this rule is not made to appear at the time, or, in some instances, the result of such testimony is not direct, but flows as a consequence from testimony that is competent.    In this instance, it was legitimate to inquire into the crowded condition of the platform, and also as to the order in which the parties on such platform went into the train, with a view to ascertain if Horton actually received the package of money; and as the brakeman, Dennis, was there, and also went into the train, such testimony was admissible for those purposes.    It seems to us, therefore, that this court is powerless in the premises.

The next question that is presented relates to the alleged error of the Circuit Judge in refusing a request to charge, presented by the defendant.    The Circuit Judge refused to make the charge, because he would thereby express his opinion to the jury on the facts of the case.    If such were the case, the Circuit Judge was right, but the appellant insists that such is not the case—that the request to charge was predicated upon hypothetical findings of fact by the jury, and if this were so, the judge would have been in error; for it is very often the case that this is the only mode by which a party litigant can obtain a declaration of what the law is in a particular case from the presiding judge.    The jury are obliged to take the law from the court, and lest the judge may overlook some proposition of law that a party desires the jury to have before them, requests to charge are made.

We will examine this proposition somewhat in detail.    At the trial it was established that the rules of the Southern Express Company required a receipt for money packages before the same were delivered.    On the morning that the package of money in question was to be received at Lowndesville by Mr. Horton, the train was late, and in such cases it was well known that such train would not stop at the station (Lowndesville) long enough for the said Horton to receipt to the agent of the express company for the package, and thereafter board the train for passage thereon.    Under these

circumstances, Horton applied to the agent of the express company to allow him to receipt for the money in advance of the arrival of the train, to the end that such money package might be delivered to him in time to proceed on the same train. At first this proposition was declined, but upon Horton assuring the agent that such an arrangement would "relieve him" (the agent of express company), it was consented to. Afterwards, in pursuance of this arrangement, Colyer, the agent of the express company, carried the money package to the platform of the car on which Horton was standing, and pitched the package towards him, saying at the same time, "Here, Horton, here is your money;" and the package lodged on the top step of such platform. It is claimed that Horton never actually received the money.

Now, it is certain that the Southern Express Company held out to the world Colyer as its agent, and thereby assumed responsibility for all the acts of Colyer in the course of his agency for such company. But Horton was the person entitled to receive the package of money, and he was apprised by Colyer, the agent, of the rules of the express company, and to enable him to obviate the delay of the receipt of his money by a compliance with such rules of the company, he agreed with Colyer at his (Horton's) request, to do that which he himself said would relieve such agent (Colyer) from responsibility. The difficulties are now apparent; for here is Colyer, as the agent of the express company, receiving this package of money, that by the rules of the company he is to deliver to Horton on his receipt therefor on the books of such company prepared for that purpose. Can that agency of Colyer to the express company be terminated by an arrangement with Horton, whereby, upon Horton's receipt upon such company's books, Colyer no longer holds such package as the agent of the express company, but, on the contrary, as the agent of Horton, to whom the package of money was sent? If it should be held that Colyer could not be regarded as Horton's agent in this transaction, then the express company would be required to assume all the consequences of Horton's prevailing upon their agent to depart from what he knew were the rules of such company, by an

agreement that such departure from such rules would release the company from all responsibility. It does seem that when a principal causes the rules that govern the transaction of its business by agents to be well known and well understood by the customers of such principal, and thereafter one of such customers prevails upon an agent of such principal to vary or depart from one of those rules, upon an agreement to release him from responsibility for his disobedience of such rules, and upon such departure from such well known rules a loss occurs, the principal should be released. The request to charge in this case that was refused by the Circuit Judge, was intended to bring out a declaration of this principle of the law by him, and such refusal by the Circuit Judge was error.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to such Circuit Court for a new trial.